UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOONHEE KIM

        Petitioner

vs.                                                            CIVIL ACTION
                                                               CASE NO. 17-16180
KAMAU BAKARI FERDINAND                         SECTION "L" (5)

        Respondent

## RESPONDENT KAMAU BAKARI FERDINAND'S OPPOSITION TO PETITIONER'S MOTION IN LIMINE

Kamau Bakari Ferdinand, Respondent named above, hereby opposes Petitioner Soonhee Kim's Motion in Limine to Exclude Respondent's Recordings of Petitioner, Respondent, and Children, filed on January 16, 2018, as follows:

FACTUAL BACKGROUND

Respondent timely filed his Exhibit List on January 10, 2018. Included in this list are Exhibits 12, 13, and 14. Exhibits 12 and 13 are recorded "Skype" videos between Respondent, Petitioner, and/or the children. Exhibit 14 is an audio recording between Respondent and the children. On January 16, 2018 Petitioner filed a Motion in Limine to Exclude Respondent's Recordings of Petitioner, Respondent, and Children specifically as to Exhibits 12, 13, and 14.

{00193916.DOCX;1}

THE RECORDINGS ARE LEGAL

Petitioner variously states that the recordings are "secret,"[1] that Petitioner "had no knowledge of the August 2017 and September 3, 2017 video recordings"[2] and that "she never consented to the Father recording the conversations."[3] Whether Petitioner knew about the recordings is irrelevant under the law and is a red-herring offered to negatively influence the Court's opinion about Respondent prior to trial.

The recordings were made by Respondent at his home in New Orleans, Louisiana (where this court's jurisdiction also lies) and, therefore, the act of recording is subject to Louisiana law. Louisiana Revised Statute 15:1301 *et seq* governs the legality of recording and interception of electronic communications. Specifically, La. R.S. 15:1303(B)(4) states that:

> **It shall not be unlawful** under this Chapter for a person not acting under color of law to intercept a wire, electronic, or oral communication where **such person is a party to the communication** or where one of the parties to the communication has given prior consent to such interception, unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the constitution or laws of the United States or of the state or for the purpose of committing any other injurious act. (Emphasis added).

Similarly, the recordings are legal under federal law. 18 U.S.C. § 2511(2)(d) states that:

> (d) **It shall not be unlawful** under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication **where such person is a party to the communication** or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State. (Emphasis added).

---

[1] Rec. Doc. No. 23-1, p. 1,2,4,5
[2] *Id*. At p. 3
[3] *Id*.

In sum, a person may record an electronic or oral communication when the person making the recording is one of the parties included in the conversation. In the current case, the party recording the conversation, Respondent, is a present and active party in the communications marked as Exhibits 12, 13, and 14. His actions are completely legal under Louisiana law and federal law. Petitioner has not pointed to any authority under Louisiana or federal law indicating Respondent's act was illegal. Petitioner attempts to vilify Respondent as a bad actor in her Motion in Limine without citing any authority for why his actions are wrong.

In a footnote[4] and attached exhibit,[5] Petitioner attempts to persuade the Court that the act of Respondent recording the Skype conversation is illegal under Thai law. Even if Thai law is binding on this court or in this jurisdiction (it is not) and Petitioner or her undersigned counsel are experts in Thai law sufficient to analyze Thai law (they are not), the attached Thai code provisions in Exhibit A of Petitioner's memorandum **do not pertain to recordation of electronic or oral communication**. A plain reading of the Exhibit A code article reveals no provisions related to the recording of electronic communications. None. Again, Petitioner is attempting to cast aspersion on Respondent in a pre-trial pleading in an effort to paint Respondent as a bad guy flaunting the law. This is not the case. Respondent's recording of the Skype conversation is legal in New Orleans, Louisiana and it appears to be legal in Thailand, if Petitioner's Exhibit A is any basis to claim the recording is illegal under Thai law.

## THE RECORDINGS CONTAIN NON-HEARSAY

## STATEMENTS MADE BY PETITIONER

The Skype recordings identified by Respondent as Exhibit 12 and 13 contain statements made by Petitioner, Soonhee Kim, which are not hearsay under Federal Rules of Evidence Article

---

[4] Rec. Doc. No. 23-1 FN2
[5] Rec. Doc. No. 23-2

801(d)(2) and are admissible and relevant at the evidentiary hearing. Fed. R. Evid. Art. 801(d)

provides a list of statements that are not hearsay. Fed. R. Evid. Art. 801(d) states as follows:

> (1) A Declarant-Witness's Prior Statement. The declarant testifies
> and is subject to cross-examination about a prior statement, and the
> statement:
>> (A) is inconsistent with the declarant's testimony and was
>> given under penalty of perjury at a trial, hearing, or other
>> proceeding or in a deposition;
>> (B) is consistent with the declarant's testimony and is
>> offered:
>>> (i) to rebut an express or implied charge that the
>>> declarant recently fabricated it or acted from a recent
>>> improper influence or motive in so testifying; or
>>> (ii) to rehabilitate the declarant's credibility as a
>>> witness when attacked on another ground; or
>> (C) identifies a person as someone the declarant perceived
>> earlier.
> **(2) An Opposing Party's Statement. The statement is offered
> against an opposing party and:**
>> **(A) was made by the party in an individual or
>> representative capacity;**
>> (B) is one the party manifested that it adopted or believed to
>> be true;
>> (C) was made by a person whom the party authorized to
>> make a statement on the subject;
>> (D) was made by the party's agent or employee on a matter
>> within the scope of that relationship and while it existed;
>>
>>                                                            (Emphasis added).

Respondent intends to introduce Exhibit 12 and 13 Skype recordings as evidence, *inter
alia*, that Petitioner consented and acquiesced to the minor children moving to New Orleans. In

Exhibits 12 and 13, Petitioner makes verbal statements that are captured on video. Petitioner is the

opposing party to Respondent. Accordingly, these statements are not hearsay under Fed. R. Evid.

Art. 801(d)(2)(A). Petitioner has plead no law or case in her Motion in Limine to support her

position that these non-hearsay statements should be excluded at the evidentiary hearing.

## THE STATEMENTS MADE BY RESPONDENT ARE NOT HEARSAY

Any statement made by Respondent Father in the recordings identified as Exhibits 12, 13, and 14 are not hearsay statements. Fed. R. Evid. Art. 801(C) defines hearsay as follows:

> (c) Hearsay. Fed. R. Evid. Art. 801
> (1) the declarant does not make while testifying at the current trial or hearing; and
> (2) a party offers in evidence **to prove the truth of the matter asserted in the statement**. (Emphasis added).

Respondent's utterances in the recordings are not offered as truth of the matter asserted in the statement. Respondent is available to testify and will testify at the evidentiary hearing. The audio and video recorded statements in the exhibits at issue are admissible at the evidentiary hearing for the statements made by Petitioner and the children. Respondent can and will testify from his own memory and belief.

The recordings in Exhibits 12, 13, and 14 are conversations between Respondent and Petitioner and/or the children. Respondent's verbal utterances are interlaced throughout the recording. These utterances give context to Petitioner and/or the minor children's non-hearsay statements. If Respondent's words are edited out of the conversation, then the other conversationalist's responses lose crucial meaning and run the risk of becoming disjointed and unintelligible. However, if Respondent's utterances are not offered to prove the truth of the matter asserted, then these utterances are not hearsay and may be produced to the court as a part of the recording. Therefore, the entire conversations recorded in Exhibits 12, 13, and 14 are admissible because they contain non-hearsay statements not asserted to prove the truth of the statement thereof.

THE STATEMENTS MADE BY THE CHILDREN ARE ADMISSABLE

Any statements made by the children in the recordings identified as Exhibits 13 and 14 are admissible as an exception to the hearsay rule under Fed. R. Evid. Art. 803 and/or 807.

*Fed. R. Evid. Art. 803*

The minor child AJF's statements recorded in Exhibit 14 are exceptions to the hearsay rule under Fed. R. Evid. Art. 803(3), which provides that:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
> (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

Exhibit 14 is an audio recording of the minor child AJF spontaneously recounting her mental, emotional, and/or physical condition when Petitioner brutally punished AJF by forcing her outside of the condominium in central Bangkok utterly naked and defenseless. The recording of AJF's audio statement is an out of court statement that is an exception to the hearsay rule because it is a statement of her state of mind showing how she felt upon being punished in this extreme and abusive manner. For this reason, the child AJF's statements in Exhibit 14 are a recognized exception to the hearsay rules and should be admitted.

*Fed. R. Evid. Art. 807*

In addition to the hearsay exception in Fed. R. Evid. Art. 803(3) *supra*, the children's statements made in Exhibits 13 and 14 fall under the residual exception to hearsay under Fed. R. Evid. Art. 807, which provides:

> (a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the

statement is not specifically covered by a hearsay exception in Rule 803 or 804:

> (1) the statement has equivalent circumstantial guarantees of trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests of justice.

Exhibits 13 and 14 consist of recorded statements by the minor children. These children are eight (8) and ten (10) years old. There is no motive or intent for the children to lie or be deceitful. Because of this lack of motive or intent, there is a circumstantial guarantee of trustworthiness, satisfying the first prong of Fed. R. Evid. Art. 807. Next, the children's statements are offered as evidence of a material fact- namely that the children are afraid of Petitioner's abusive punishments and have expressed a preference to remain in the United States and not Thailand, satisfying the second requirement. The third prong is met because the children's recorded statements recounting their abuse at the hands of Petitioner and their desired preference to remain in the United States are directly probative as to Respondent's Hague Convention Article 13 defenses, as raised in his Answer and Opposition, and there is no better source for this evidence then the children's own statements. No better evidence can be obtained on this point except the actual testimony of the children. Finally, the fourth prong is clearly met. The interests of justice require the court to review the statements made by the children to determine if any of the Fed. R. Evid. Art. 13 defenses raised by Respondent are valid. The future lives of the children hang precariously on this instant litigation- the Court should avail itself of the Fed. R. Evid. Art. 807 residual exception to hear the actual statements of these affected children.

ALTERNATIVELY, DESIGNATION OF PETITIONER'S

NON-HEARSAY STATEMENTS

In the alternative, if the Court decides that Exhibits 12, 13, or 14 contain inadmissible hearsay, Respondent respectfully requests that he be allowed to designate and use specific portions of the recordings relating to Petitioner Soonhee Kim's recorded statements, which are not hearsay under Fed. R. Evid. Art. 801(d)(2)(A), and/or portions of the children's recorded statements, which are exceptions to the hearsay rule under Fed. R. Evid. Art. 803(3) and/or 807. Petitioner, in the request that concludes her Memorandum of Law in Support of Petitioner's Motion in Limine, suggests to the Court that the same order be made. Respondent joins Petitioner in this request if the court decides that Exhibits 12, 13, and 14 are inadmissible hearsay in their un-expurgated entirety.

Respectfully submitted,

LOWE, STEIN, HOFFMAN,
   ALLWEISS & HAUVER, L.L.P.

BY:    _/s/ Kim Ngan Nguyen_____
         MITCHELL J. HOFFMAN (#6896)
         MARYNELL PIGLIA (#20329)
         KIM NGAN NGUYEN (#29364)
         One Shell Square, Suite 3600
         701 Poydras Street
         New Orleans, Louisiana  70139-7735
         Telephone:    (504) 581-2450
         Facsimile:     (504) 581-2461
         Attorneys for Kamau Ferdinand

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd day of January, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ Kim Ngan Nguyen*